NO. *303*

GOVERNOR HELD TO HAVE NO POWER TO SUSPEND

LAWS OF TEXAS BY INVOKING MARTIAL LAW

Opinion construing Article 1, Section 28, and Article 4, Section 7 of the Constitution of the State of Texas, and holding:

1. Governor of Texas not empowered by the Constitution to declare martial law for the purpose of suspending State laws.

2. Constitution vests in the Legislature sole power of suspending the laws of the State of Texas.

====================================================

OFFICE OF THE ATTORNEY GENERAL

February 9, 1939

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Governor O'Daniel:

Opinion No. O-308
Re: Power of the Governor to suspend laws of the State by invoking martial law.

In your letter of February 8th you ask the opinion of this Department upon the following question:

"Will you please advise me at your earliest opportunity whether or not under the Constitution and laws of this State I have the authority as Governor to invoke martial law in a limited or restricted sense for the purpose of suspending the seven thousand pound truck limit law and allow the orderly movement of perishable citrus fruits and vegetables from the Valley through the State of Texas in order to preserve and conserve this valuable crop and in order to prevent insurrection, riot and bloodshed."

In connection with this question you make the following statements:

"It has also been explained to me that transportation by motor trucks of these fruits as well as vegetables in the Valley is not profitable with the present restrictions imposed by the seven thousand pound truck

REPRODUCED FROM THE
HOLDINGS OF THE

limit law and that unless this fruit is allowed to be
moved by truck in larger quantities it will be impos-
sible for the growers and producers to transport or
dispose profitably of a major portion of that fruit.

"It has further been explained to me that there
is a serious likelihood of insurrection, riot and blood-
shed because of the fact that growers and producers as
well as truckers are determined to move and are moving
and will continue to move fruit by motor truck out of
the Valley, over the highways of this State in loads
greater than that permitted under the seven thousand
pound truck limit law, and that because of the enforce-
ment of that law by the officers of the State and other
subdivisions of the State there is a great probability
that either the officers or the growers and producers
and truckers will become involved in physical combat,
and that serious personal injury or death may be in-
flicted upon some of those involved."

This Department has no discretionary powers. We must
and do assume an entirely impersonal attitude in interpreting
and enforcing the Constitution, and the laws of this State as
they are plainly written by the Legislature.

Emergencies of this nature must be dealt with within
the limitations upon the powers of the various branches of the
State government imposed by the Constitution of the State of
Texas. An emergency will not authorize the usurpation by one
branch of State government of a power expressly conferred by
the Constitution upon another branch of the Government and
denied to all other branches, in the absence of an express con-
stitutional provision permitting such power to be exercised by
other branches under specified circumstances.

Upon the question of the power to suspend the laws
of this State, our Constitution has spoken in such distinct and
unmistakable language that there exists no room for interpreta-
tion. Article 1, Section 28, of the Texas Constitution provides:

"No power of suspending laws in this State
shall be exercised except by the Legislature."

The Governor is empowered by Article 4, Section 7, of
the Constitution, "to call forth the militia to execute the laws
of the State, to suppress insurrections, repel invasions, and

REPRODUCED FROM THE
HOLDINGS OF THE

protect the frontier from hostile incursions by Indians and other
predatory bands."

It thus appears that the Governor is empowered by the
Constitution to declare martial law only for the purpose of
enforcing the laws of this State, and for the purpose of quelling
insurrections against those laws.  The Constitution expressly
confers upon the Legislature the power of suspending laws and
denies that power to any other branch of the State government.

We therefore answer that the Governor may invoke martial
law for the purpose of executing the provisions of the law involved
and for the purpose of suppressing or preventing any insurrection
against such law; but that the power and the responsibility of
suspending the operation of such law is vested exclusively in the
Legislature of this State and may not be exercised by the Governor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:PBP

This opinion has been considered in conference, approved,
and ordered recorded.

*Gerald C. Mann*

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

REPRODUCED FROM THE
HOLDINGS OF THE
TEXAS STATE ARCHIVES